THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:07CR3163 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THOMAS LAUREN LIVINGS, | ) | |
| | ) | |
| Defendant. | ) | |

  Counsel for the defendant in this case has filed a motion in limine (filing 20) requesting an order allowing the defendant to "invoke the innocent possession defense" in this prosecution for possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The parties' briefs (filings 21 & 22) both contain a version of the "facts" as the parties see them, but do not contain citations to, or presentation of, supporting evidence.

  The defendant maintains that he picked up a gun and ammunition that he found on a public sidewalk at around 9:00 p.m. on October 7, 2007. Intending to return the gun and ammunition to the police officer whom the defendant suspected had carelessly left the weapon on the sidewalk, the defendant took steps to locate the officer. Before he could do so, police officers arrested him after they found him sleeping with the gun beneath him, approximately four hours after the defendant first found the gun. The defendant argues that he is entitled to invoke the "innocent possession defense" because he obtained the gun without any criminal purpose and attempted to return the gun to police as promptly as reasonably possible. *See United States v. Likens*, 464 F.3d 823, 826 (8th Cir. 2006) (assuming, but not deciding, that a defense based on innocent or transitory possession might be available in proper case); *United States v. Montgomery*, 444 F.3d 1023, 1026 (8th Cir. 2006) (recognizing an "innocent or transitory possession defense," but deciding that defendant neither acquired firearms innocently, nor intended to turn them over to law enforcement; therefore, defendant did

not "establish the factual predicate for an instruction on innocent or transitory possession"); *United States v. Mason*, 233 F.3d 619, 621 (D.C. 2001) ("in appropriate circumstances, a defense of innocent possession may be asserted in a criminal prosecution that rests on a charged violation of § 922(g)(1)") (italics omitted); *United States v. Ali*, 63 F.3d 710, 716 n.7 (8th Cir. 1995) (noting possibility that "a defense based upon innocent reasons might be available in a felon-in-possession case").

The United States opposes the defendant's motion, noting that many circuits have rejected the innocent or transitory possession defense. The government admits that the Eighth Circuit Court of Appeals has considered the defense "in very limited and proper circumstances," but whether the defense can be asserted in this case requires a "fact[-]specific inquiry whether the defendant 1) innocently obtained or acquired the firearm with no illicit purpose, and 2) acted promptly and reasonably in an effort to turn the firearm over to law enforcement." (Filing 22, at 8.)

Because it is apparent that application of the innocent or transitory possession defense in this case depends upon the facts established at trial (as there are no affidavits or other factual record presented in association with this motion), I must deny the defendant's motion without prejudice to its reassertion should the evidence at trial establish the factual predicate necessary to warrant an instruction to the jury regarding the "innocent or transitory possession defense."

Accordingly,

IT IS ORDERED that the defendant's motion in limine (filing 20) is denied without prejudice.

February 13, 2008.   BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge